J-A21005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHERYL SCANGO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD WIERNUSZ | : | |
| | : | |
| Appellant | : | No. 1625 MDA 2024 |

Appeal from the Order Entered October 9, 2024
In the Court of Common Pleas of Wyoming County
Civil Division at No(s):  2024-00753

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:              **FILED SEPTEMBER 17, 2025**

Gerald Wiernusz appeals from the order entered on October 9, 2024, granting Sheryl Scango's petition seeking a protection from abuse ("PFA")[1] order. Wiernusz argues the trial court erred in granting the petition claiming there was insufficient evidence of abuse. After careful review, we affirm.

The following facts were obtained from the certified record. Scango and Wiernusz went on one date together. After the date, Scango decided she did not want any further contact with Wiernusz. She blocked him on her phone. Wiernusz, however, knew where Scango worked: at the Tunkhannock Area School District. Wiernusz, on almost a daily basis, drove by the school building. Wiernusz stared at Scango, looked through the windows of the school

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 23 Pa.C.S.A. § 6101, et seq.

building, and watched as she took out the trash. This occurred at least 6-10 times. Scango started to become fearful, so she took photographs of Wiernusz driving through the school parking lot. These photographs show Wiernusz staring at Scango. Wiernusz admitted that he had no children or grandchildren who attended the school and no reason to be at the school. He claimed he was spotting deer on his cousin's farmland that bordered the back of the school building. Wiernusz claimed the only way to obtain "visual access" to his cousin's farmland is by driving past the school building where Scango worked. N.T. PFA Hearing, 10/9/24, at 45.

At the conclusion of the PFA hearing, the court granted Scango a three-year PFA. Wiernusz filed a motion for reconsideration, which the trial court denied, and this timely appeal followed. Wiernusz complied with the trial court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Essentially, Wiernusz argues the evidence was insufficient to support the PFA order and the trial court should have believed his testimony that he was not stalking Scango but was only at the school to view his cousin's farmland. **See** Appellant's Brief, at 13, 15.

We begin with our well-established standard of review: "In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **K.B. v. Tinsley**, 208 A.3d 123, 127 (Pa. Super. 2019) (citation omitted).

> The PFA Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a

reasonable doubt, but only to establish it by a preponderance of the evidence. A preponderance of the evidence standard is defined as the greater weight of the evidence, i.e., enough to tip a scale slightly.

> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determination of the trial court as to witnesses who appeared before it.

**B.K.P. v. J.R.B.**, 303 A.3d 456, 459 (Pa. Super. 2023) (italics and citation omitted).

"This Court has emphasized that the purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advanc[ing] prevention of physical and sexual abuse." **T.K. v. A.Z.**, 157 A.3d 974, 976 (Pa. Super. 2017) (internal quotation marks, brackets, and citation omitted). "Abuse" is defined in relevant part as: "Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(5).

"Course of conduct" is not defined by the PFA Act. However, the PFA Act notes that "[t]erms not otherwise defined in this chapter shall have the meaning given to them in 18 Pa.C.S. (relating to crimes and offenses)." 23

Pa.C.S.A. § 6102(b). "Course of conduct" is defined in both the harassment and stalking statutes, in relevant part, as: "A pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa.C.S.A. §§ 2709(f), 2709.1(f).

Wiernusz claims there was insufficient evidence to support the PFA order and the trial court erred in failing to credit his testimony that he was not at the school to follow or stalk Scango, but only there to view his cousin's farmland. *See* Appellant's Brief, at 13.

Notably, this Court defers to the credibility determinations of the trial court. *See B.K.P.*, 303 A.3d at 459. Therefore, we will not address Wiernusz's claim that the trial court should have believed his testimony over the testimony of Scango. Furthermore, Scango presented photographs she took of Wiernusz staring at her while she was at the school building, which is facing the opposite direction of the farmland. *See* N.T. PFA Hearing, 10/9/24, at 43. Wiernusz admits one of the photographs show him staring right at Scango's camera. Scango testified that Wiernusz was staring at her every time she took out the trash, saw him looking through the windows of the school building, and she once saw him at the school twice in a day. *See id.* at 8, 12. Scango explained she saw Wiernusz at the school at least 6-10 times over multiple days and took photographs of him over the course of two days. *See id.* at 11, 14, 21-28. Wiernusz's actions made Scango scared and fearful of what Wiernusz may do to her. *See id.* at 12, 14-15, 20-21.

This evidence clearly shows Wiernusz engaged in a course of conduct of following Scango under circumstances that reasonably placed her in fear of bodily injury. We requested the photographs that were admitted into evidence, and there is no question that the photographs support Scango's testimony. The trial court did not err in finding this evidence sufficient to support a PFA order.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>09/17/2025</u>